

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-19-14

DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT

NOV 19 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY JEROME MACK,

    Petitioner,

    vs.

W.L. MONTGOMERY, Warden,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 14-8421-GHK (RNB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS FOR LACK OF SUBJECT
MATTER JURISDICTION

On October 30, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

It appears from the face of the Petition that it is directed to a conviction sustained by petitioner in Los Angeles County Superior Court on March 15, 1994, for which petitioner subsequently received a sentence of 20 years, 8 months, plus two consecutive indeterminate life terms. This is the third federal habeas petition filed by petitioner directed to the same Los Angeles County Superior Court judgment of conviction. The first was a habeas petition filed by petitioner in this Court on January 4, 2000, in Case No. CV 00-0045-LGB (RNB). On May 9, 2000, Judgment was entered in Case No. CV 00-0045-LGB (RNB) denying the petition and dismissing the action with prejudice, based on the Magistrate Judge's finding and conclusion that the petition was time barred. Petitioner filed a Notice of Appeal from that Judgment.

1

However, his requests for a Certificate of Appealability ("COA") were denied in turn by this Court and the Ninth Circuit. Petitioner then filed another habeas petition directed to the same judgment of conviction on March 2, 2011 in Case No. CV11-1787-GHK (RNB). On March 11, 2011, Judgment was entered in Case No. CV11-1787-GHK (RNB) summarily dismissing the action without prejudice for lack of subject matter jurisdiction. Concurrently, this Court issued an order denying a COA. Petitioner subsequently filed a timely Notice of Appeal from the Judgment, but his request for a COA ultimately was denied by the Ninth Circuit on June 26, 2012.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > *(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > *(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found*

1       *the applicant guilty of the underlying offense.*

2       *(3)    (A)    Before a second or successive application permitted*

3       *by this section is filed in the district court, the applicant shall*

4       *move in the appropriate court of appeals for an order authorizing*

5       *the district court to consider the application.*

6             . . .

7       *(C)    The court of appeals may authorize the filing of a*

8       *second or successive application only if it determines that the*

9       *application makes a prima facie showing that the application*

10     *satisfies the requirements of this subsection.*

11

12       The Petition now pending constitutes a second and/or successive petition

13 challenging the same conviction and sentence as petitioner's prior habeas petition in

14 Case No. CV 00-0045-LGB (RNB), within the meaning of 28 U.S.C. § 2244(b). <u>See</u>

15 <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a

16 habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition

17 on the merits and renders a subsequent petition second or successive for purposes of

18 28 U.S.C. § 2244(b)).  Thus, to the extent that petitioner now is purporting to raise

19 claims previously raised in Case No. CV 00-0045-LGB (RNB), § 2244(b)(1) compels

20 dismissal of those claims.  To the extent that petitioner now is purporting to raise new

21 claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the

22 Ninth Circuit authorizing the District Court to consider those claims, prior to his

23 filing of the instant Petition in the District Court.  Petitioner's failure to do so

24 deprives the Court of subject matter jurisdiction.  <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d

25 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

26 //

27 //

28 //

1    For the foregoing reasons, IT IS ORDERED that this action be summarily

2  dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

3  United States District Courts.

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6  DATED:   11/14/14

7

8                                              GEORGE H. KING

9                                              UNITED STATES DISTRICT JUDGE

10

11  Presented by:

12

13  Robert N. Block
   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4